UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRUSTEES OF THE LOCAL 6559
PENSION FUND F/K/A TRUSTEES OF THE
UNITY PENSION FUND LOCAL 210 RETIREMENT
PLAN,

                                                   Plaintiffs,         Civil Action No.:

                    -against-                           COMPLAINT

APPLE DIRECT MAIL SERVICE LTD.,

                                                Defendants.
-------------------------------------------------------------x

Plaintiffs, TRUSTEES OF THE LOCAL 6559 PENSION FUND F/K/A TRUSTEES OF THE UNITY PENSION FUND LOCAL 210 RETIREMENT PLAN (the "Fund"), by their attorneys, Barnes, Iaccarino & Shepherd LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is an action by the Fund to compel an employer to pay withdrawal liability, liquidated damages, interest, attorneys' fees and costs, pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§1381 through 1405 and 1451.

## JURISDICTION

2.     This Court has jurisdiction over this action pursuant to Sections 502(a), (e)(1), (f) and (g); 4301(a), (b) and (c); 4221(b)(1) of ERISA; and 29 U.S.C. §§1132(a)(3), (e)(1), (f), 1451(c), and 29 U.S.C. §1401(b)(1).

## VENUE

3	As Defendant Apple Direct Mail Service Ltd. maintains its principal place of business at 33 35th Street, 2nd Floor, Brooklyn, New York 11232, and is located within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

## PARTIES

3.	The Fund is a Taft-Hartley Trust Fund with Trustees equally represented by the Local 6559 Warehouse & Production Employees Union f/k/a the Local Warehouse and Production Employees, Union Local 210, AFL-CIO (the "Union") and employers that contribute to the Fund to provide retirement income benefits to employees. As such, it is an "employee pension benefit plan" within the meaning of Section 302(c)(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5) and 29 U.S.C. §1002(2).

4.	The Fund is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37) and is authorized to commence this action under Section 502(d)(1) of ERISA and 29 U.S.C. §1132(d)(1). The Fund is administered from its headquarters at 18 Secatoag Avenue, Port Washington, NY 11050.

5.	The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Fund, a defined benefit pension plan within the meaning of Section 3(35) of ERISA, and 29 U.S.C. §1002(35), established and

maintained for the purposed of providing retirement and related benefits to participants and beneficiaries, pursuant to Section 3(2), (3), (16)(B)(iii) of ERISA and 29 U.S.C. §1002(2), (3)(16)(B)(iii).

6. Upon information and belief, Defendant, Apple Direct Mail Service Ltd., is a corporation organized under the laws of the State of New York with its principal place of business at 33 35th Street, 2nd Floor, Brooklyn, New York 11232. Defendant Apple Direct Mail Service Ltd. Is an "employer" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §1002(5), (11) and (12) and Section 301(a) of the LMRA, 19 U.S.C. §185(a).

## FACTUAL BACKGROUND

7. Defendant, Apple Direct Mail Service Ltd., was a party to a series of collective bargaining agreements with the Union. Pursuant to said collective bargaining agreements, Defendant, Apple Direct Mail Services Ltd., was obligated to make contributions to the Fund on behalf of certain employees.

8. On or about May 1, 2013, the Defendant became obligated to contribute to the Fund pursuant to a collective bargaining agreement with the Union.

## AS AND FOR A FIRST CAUSE OF ACTION FOR WITHDRAWAL LIABILITY

9. Plaintiffs repeat and reallege paragraphs 1 through 8 above and incorporate them herein by reference.

10. Upon information and belief, Defendant, Apple Direct Mail Services Ltd., completely withdrew from the Fund within the meaning of Section 4203(a) of ERISA and 29 U.S.C. §1383(a), on or about August 1, 2016 by ceasing all operations or the obligation to contribute to the Fund.

11. As a result of withdrawal from the Fund, Defendant, Apple Direct Mail Services Ltd., became liable to the Fund for withdrawal liability in the amount of $97,927.00 pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

12. Upon information and belief, after determining the amount of Defendant, Apple Direct Mail Service Ltd.'s withdrawal liability, on or about September 7, 2016, the Fund notified the Defendant, Apple Direct Mail Service Ltd. that it had determined that Defendant, Apple Direct Mail Service Ltd., had completely withdrawn and assessed Defendant, Apple Direct Mail Ltd. the amount of its withdrawal liability in the amount of $97,927.00 and of the schedule for liability payments and demanded payment, in accordance with the schedule, as required by Sections 4202 and 4219(b)(1) of ERISA and 29 U.S.C. §§1382 and 1399(b)(1). A copy of said notice to Defendant ("Notice and Demand") is annexed hereto as Exhibit "A" and made a part hereof.

13. Pursuant to Section 4219(c) of ERISA and 29 U.S.C. §1399(c), and upon information and belief, as provided in the Notice and Demand, Defendant, Apple Direct Mail Service Ltd., was required to make quarterly withdrawal liability payments in the amount of $19,040.00 for five (5) quarters and a final or sixth (6th) payment in the amount of $4,142.00. The first quarterly payment was due on or before November 1, 2016 and quarterly thereafter.

14. Upon information and belief, the Fund notified Defendant, Apple Direct Mail Service Ltd., pursuant to the Notice and Demand, that should it fail to make its quarterly withdrawal liability payment when due and that, if such failure was not cured within sixty (60) days, Defendant, Apple Direct Mail Service Ltd., would be in default, within the

meaning of Sections 4219(c)(5) of ERISA and 29 U.S.C. §1399(c)(5), and that the Fund would pursue all legal remedies available to it under ERISA.

15. By reason of its failure to make withdrawal liability payments from September 2016 to date, Defendant, Apple Direct Mail Service Ltd., is in default within the meaning of Section 4219(c)(5)(B) of ERISA, 4219(c)(7), PBGC Rule 4219.31(b)(1)(ii), and the Fund's Trust Indenture. Pursuant to Section 4219(5) of ERISA, and 29 U.S.C. §1399(c)(5), the Fund gave written notices of acceleration of withdrawal liability payment upon default to Defendant, Apple Direct Mail Service Ltd.. A copy of said notices to Defendant ("Notices of Default") is annexed hereto as Exhibit "B" and made a part hereof.

16. To date, the Fund has not received any payment from the Defendant, Apple Direct Mail Service Ltd., of the withdrawal liability due to the default.

17. The Defendant, Apple Direct Mail Service Ltd., has failed to make payment of its withdrawal liability in violation of ERISA Section 4219(c)(2) and 29 U.S.C. §1399(c)(2). Pursuant to ERISA, the Defendant, Apple Direct Mail Service Ltd., is required to immediately pay the total outstanding amount of its withdrawal liability in the amount of $97,927.00, plus accrued interest on the total outstanding liability, attorneys' fees, court costs, and such other legal and equitable relief as the Court may deem just and appropriate.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order and judgment:

(a) Directing Defendant to pay to the Fund the outstanding withdrawal liability in the sum of $97,927.00;

(b) Directing Defendant to pay to the Fund the full amount of prejudgment interest on the sum set forth in paragraph "(a)" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA and 29 U.S.C. §§1132(g)(2)(B), 1399(c)(6) and 1451(b);

(c) Directing Defendant to pay to the Fund an amount equal to the interest on the sum set forth in paragraph "(a)" as liquidated damages pursuant to Sections 502(g)(2)(c)(i) and 4301(b) of ERISA and 29 U.S.C. §§1132(g)(2)(c)(i) and 1451(b);

(d) Directing Defendant to pay to the Fund the reasonable attorneys' fees and costs and expenses of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA and 29 U.S.C. §§1132(g)(2)(D) and 1451(b);

(e) Directing the Fund the right to audit the Fund for additional contributions; and

(f) Granting such other and further relief as the Court deems appropriate, including injunctive relief.

Dated: June 29 2020
Hempstead, New York

Respectfully submitted,

BARNES, IACCARINO, & SHEPHERD LLP
*Attorneys for Plaintiffs*

By:  Lauren M. Kugielska, Esq.
3 Surrey Lane
Hempstead, New York 11550
lkugielska@bislawfirm.com
(516) 483-2990